UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M. WILLIAM POTTS,       )
    Petitioner          )
                        )
VS                      )           CIVIL ACTION No.  04-40068-GAO
                        )
David L. Winn, Warden   )
Federal Medical Center, )
Devens,                 )
    Respondent          )
                        )

MOTION FOR LEAVE TO SUBMIT ADDITIONAL
PAPER IN THE FORM OF THE CITATION OF A
SUPPLEMENTAL AUTHORITY AND REQUEST FOR
PROMPT RELIEF

The Petitioner moves pursuant to Local Rule 7.1(b)(3) that this paper be submitted to the Court in the form of the citation of a Supplemental Authority which came into existence after the filing of Petition for Writ of Habeas Corpus; Petitioner's Opposition and Memorandum in Opposition to Motions of Respondent to Dismiss and to Exceed Page Limit and to Memorandum of Respondent in Support of those Motions; and Supplemental Information to Petitioner's Opposition and Memorandum in Opposition to Motions of Respondent. (See by analogy, Federal Rules of Appellate Procedure Rule 28(j)):

On September 3, 2004 , the United States Court of Appeals for the First Circuit issued its opinions and judgement in GOLDINGS v WINN, --F3d--(1st Cir. 2004), No. 03-2633. The pendency of the Goldings case was noted in the Petitioner's filings set forth above. The Goldings case is now the law of this Circuit and is fully applicable to the facts and law cited by both parties in this case (Potts v Winn).

Accordingly, upon authority of Goldings, the Petitioner respectfully requests that the Court enter Judgement for the Petitioner in the form attached hereto as "Attachment A".

(1)

The Petitioner respectfully requests the Court grant him the relief in the form of the proposed judgement promptly because with the passage of time the relief requested will diminish or possibly become moot.

In support of his request for a prompt judgement and request for proposed procedures governing the execution of a favorable judgement, the Petitioner states:

1. Time is of the essence as each day that passes increases the likelihood of irreparable harm to be suffered by the Petitioner and his family. Unless granted by the Court and implemented by the BOP without delay, the relief may diminish or become moot.

2. The Petitioner does not expect the Respondent to manipulate the process of CCC placement as applicable to the Petitioner and hopes that the Court's order will be executed in good faith.

    However, the Petitioner is aware of several cases in other BOP locations around the country where the benefit of court decisions (in relation to the same CCC policy) favorable to Petitioner's (inmates) was greatly diminished and, in some cases, made moot through what appears to be the bureaucratic processes and tactics employed by the BOP. In addition, the Petitioner is aware of several cases at FMC Devens Camp, where in the name of "bed space or budgetary constraints" the BOP has delayed CCC placements. The Petitioner believes such constraints are a direct result of the implementation of the 12/20/02 Policy which was based on an erroneous interpretation of the statutes, and its subsequent economic impact on CCCs.

Because of the time-sensitive nature of the relief sought, any further delay

because of the need to return to the Court to enforce the timely execution of the proposed judgement --should it not be executed in good faith--will diminish and possibly moot the relief granted to the Petitioner.

Therefore, respectfully, the Petitioner is proposing reasonable procedures, outlined in Attachment A, to govern the execution of this Judgement to protect the interests of both parties.

Dated: September 12, 2004

Respectfully Submitted,

/s/ William Potts
M. William Potts, Pro Se
#24866-038  Unit I
Federal Medical Center, Devens
PO Box 879
Ayer, MA 01432


CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon Christopher R. Donato, Assistant United States Attorney, by my depositing a copy thereof in the internal mailing system at Federal Medical Center, Devens, Unit I (Camp), postage prepaid, addressed to the Office of the United States Attorney, John Joseph Moakley Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 on this 12th day of September 2004.

I swear under the penalties of perjury that the foregoing is true on this 12th day of September 2004.

/s/ William Potts
M. William Potts, Pro Se
#24866-038  Unit I
Federal Medical Center, Devens
PO Box 879
Ayer, MA 01432

Attachment A

M. William Potts           )
   Petitioner              )
                                 )
VS                         )
                                 )
David L. Winn, Warden      )
Federal Medical Center,    )
Devens                     )
   Respondent              )
                                 )

Petitioner's Proposed Judgement and Order

Upon consideration of the Petition and related documents, including the Respondent's Memorandum and other supporting documents presented to the Court, it is ORDERED:

Judgement is entered granting Petitioner a writ of habeas corpus declaring:

(1) That the BOP's Community Corrections Center ("CCC" or "Halfway House") placement policy as stated in the Memorandum for Chief Executive Officers of the Federal Bureau of Prisons dated December 20, 2002 and any practices in place to implement this Policy shall not apply to the Petitioner M. William Potts; and

(2) That the Petitioner M. William Potts shall be reviewed for a six-month transfer to a CCC solely on the basis of the placement practices of FMC Devens Camp in effect prior to December 2002.

(3) That the BOP shall implement, without delay and without manipulation, it's CCC decision as applicable to the Petitioner to enable the Petitioner to have the full benefit of this relief.

It is further ordered that the following procedures shall govern the execution of this Judgement:

(1) The Respondent shall, within 10 Calendar days of the date of entry of this Judgement and Order, cause a review to be completed, in good faith and without manipulation, of the eligibility of the

(1)

Petitioner to transfer to the Lawrence, MA. Halfway House * without regard to the 12/20/02 Policy and solely in accordance with the practice in effect at FMC Devens Camp prior to December 2002.

(2)  If the review results in the Petitioner receiving a six-months transfer to the Lawrence, MA. Halfway House starting December 11, 2004, the Respondent shall file an affidavit with the Court so stating within 5 calendar days of the review, provide a copy thereof to the Petitioner, and effect his transfer no later than December 11, 2004.

(3)  Issues of bedspace and budget constraints at Lawrence, MA Halfway House shall not constitute a circumstance justifying the diminishment of the six-months transfer to a CCC. If bedspace at the Lawrence, MA. Halfway House is at any time anticipated or found to be not available for December 11, 2004 the Petitioner shall be either transferred to the Lawrence, MA. Halfway House effective on the first available date prior to December 11, 2004 or released upon home confinement no later than December 11, 2004.

(4)  If the BOP concludes after review that the Petitioner is not eligible for a six-month transfer to the Lawrence, MA. Halfway House, the Respondent shall file an affidavit so stating and setting forth reasons therefore and attach any documents in support of such conclusion, within 5 Calendar Days of the review and provide a copy thereof to the Petitioner.

(5)  No further utilization of Administrative Remedies shall be required of the Petitioner in this case.

---

\*  It is my understanding and belief that it is the BOP Policy and Practice to transfer an inmate to the Halfway House closest to his established residence. The Lawrence, MA. Halfway House is the closest to the Petitioner's established residence in Windham, NH.

(2)

(6) The Court shall retain jurisdiction of this case at least until the Petitioner transfers to the Lawrence, MA. Halfway House or Home Confinement.

SO ORDERED

_____
George A. O'Toole
District Judge

Dated: _____, 2004