UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

M. WILLIAM POTTS,                    )
                Petitioner           )
                                     )
vs.                                  )      Civil Action No. 04-40068-GAO
                                     )
DAVID L. WINN, Warden                )
Federal Medical Center, Devens,      )
                Respondent           )
_____)

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO FILE SUPPLEMENTAL AUTHORITY

On September 3, 2004, the United States Court of Appeals for the First Circuit issued an opinion with no dissent in Goldings v Winn, ___ F3d ___ (1st Cir. 2004), No. 03-2633 (fully applicable to the facts and law cited by both parties in this case) that the BOP and the DOJ's interpretation of 18 USC §§3621(b) and 3624(c) as set forth in the 12/20/02 Memorandum is erroneous:

1.          On July 7, 2003, Goldings, an inmate at FMC Devens serving a 36-month term of imprisonment, brought a civil action against the Warden and the U.S. Attorney General challenging the 12/20/02 change in the BOP policy that limited his eligibility for placement in a CCC to the last ten percent of his sentence. He sought declaratory and injunctive relief enjoining the defendants from applying the new policy to him.

2.          The defendants moved to dismiss the complaint for failure to state claim pursuant to F.R.Civ.P 12(b)(6). The district court granted the motion on October 23, 2003. "In the [district] court's view, 'Goldings case ... involves transfer to a CCC at the end of his sentence, and is accordingly governed by 18 USC §3624(c).'" Goldings. Goldings appealed.

3.          Among other arguments, "Goldings argued that the BOP's [12/20/02] policy is based on an erroneous interpretation of two statutory provisions of

the Sentencing Reform Act of 1984, 18 USC §§3621(b) and 3624(c)." <u>Goldings</u>

4.        The Circuit Court, ruling in favor of Goldings, stated

among other things, as follows:

A. "Although the [12/20/02] change in policy has generated a flood of lawsuits in the federal district courts, no court of appeals has yet spoken on the validity of the BOP's new policy. We do so here and conclude that the new policy is contrary to the plain meaning of 18 USC §3621(b)."

B. "We [1st Circuit] disagree with the district court that the Goldings' claim may be resolved on the basis of §3624(c) alone, without also considering the applicability of §3621(b) to CCC placement."

C. "The defendants' interpretation of §3621(b) is contrary to the plain meaning of the statute; it is not entitled to judicial deference."

D. "For the foregoing reasons, we hold that 18 USC §3621(b) authorizes the BOP to transfer Goldings to a CCC at any time during his prison term. The BOP's discretionary authority under §3621(b) is not subject to the temporal limitations of 18 USC §3624(c). We vacate the order of the district court granting the defendants' motion to dismiss and remand for further proceedings consistent with this opinion."

Dated: September 12, 2004                    RESPECTFULLY SUBMITTED,

_____
M. William Potts, Pro Se
#24866-038   Unit I
Federal Medical Center Devens
P.O. Box 879
Ayer, MA 01432

CERTIFICATE OF SERVICE

        I certify that the foregoing document was served upon Christopher R.Donato, Assistant United States Attorney, by my depositing a copy thereof in the internal mailing system at Federal Medical Center, Devens Camp, postage prepaid, addressed to the Office of the United States Attorney, John Joseph Moakley Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 on this 12th day of September 2004.
        I swear under the penalties of perjury that the foregoing is true on this 12th day of September 2004.

_____
M. William Potts, Pro Se

-2-