United States District Court

District of Massachusetts

| | |
|---|---|
| M. William Potts )<br>   Respondent )<br>                  )<br>     v                 )<br>David L. Winn, Warden )<br>Federal Medical Center, Devens )<br>   Respondent )<br>                  ) | Civil Action No. 04-40068-GAO |

MEMORANDUM IN SUPPORT OF PETITIONER'S PROPOSED ORDER

    The Petitioner <u>strongly</u> believes that the full force and effect of a Court Order <u>is required</u> in order for the Petitioner to receive the full benefit of the relief that he is entitled to.

    In support of the Petitioner's Proposed "Order" the Petitioner states that the First Circuit Court of Appeals has concluded in their opinion in <u>Goldings</u> v <u>Winn</u>, No. 03-2633 (September 9, 2004) that the BOP 12/20/02 Policy is based on an erroneous interpretation of 18 USC §3621(b). Therefore this policy should not apply to the Petitioner. In the absence of the 12/20/02 Policy, the BOP, through the Respondent, David L. Winn, Warden, Federal Medical Center, Devens should apply the CCC placement policy and practice which was in effect at FMC Devens Camp prior to the unlawful 12/20/02 change in policy

    The language of the Petitioner's Proposed "Order" was in fact substantially utilized by the BOP at FMC Devens Camp in late September 2004 in reviewing ...subsequent to the <u>Goldings</u> decision.||.the CCC placement dates of inmates in two other cases in the District of Massachusetts, as stated by the Assistant U.S. Attorneys representing the BOP Wardent Winn, FMC Devens Camp:

> "The Bureau of Prisons, through Respondent Warden Winn, is aware of Petitioner's status and will act <u>promptly</u> and <u>in good faith</u> to <u>reconsider</u> <u>Petitioner</u> <u>for</u> <u>placement</u> <u>in a CCC</u>, <u>consistent with the BOP policy and practice of FMC Devens prior to the December 2002 policy change</u>, which limited such placements to the last 10% of a sentence." (See Attachment B) (Statement by AUSA Anton P. Giedt, Sept.28, 2004, <u>Paul</u> v <u>Winn</u>, 04-cv-40037, Dist. of Mass.) (Emphasis added)

VERIFICATION

I, M. William Potts, do hereby certify that all of the facts and circumstances as stated by me in the instant Memorandum are based upon information and belief, and are true and correct to the best of my knowledge.

Dated: 11/1/04

Respectfully Submitted,

/s/ M. William Potts
M. William Potts, Pro Se
Reg.# 24866-038   Unit I
FMC Devens
PO Box 879
Ayer, MA 01432


Certificate of Service

I certify that the foregoing document, and it's attachments, were served upon Christopher R. Donato, Assistant United States Attorney, by my depositing a copy thereof in the internal mailing system at Federal Medical Center, Devens, Unit I (Camp), postage prepaid, addressed to the Office of the United States Attorney, John Joseph Moakley Courthouse, One Courthouse Way, Suite 9200, Boston, MA 02210 on this 1st day of November 2004.

/s/ M. William Potts
M. William Potts, Pro Se
Reg.# 24866-038   Unit I
FMC Devens
PO Box 879
Ayer, MA 01432

Christopher R. Donato
Assistant U.S. Attorney
Office of the United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way
Suite 9200
Boston, MA 02210

Attachment A - Pg. 1

October 12, 2004

RE: Potts v Winn
Civil Action No. 04-40068-GAO

Dear Mr. Donato:

On October 6, 2004 Judge O'Toole ordered that:

..."the parties are directed to file a proposed order accomplishing a final disposition of this matter"...

My purpose in writing to you is to explore the possibility of the parties agreeing on a proposed order and jointly submitting it to Judge O'Toole for his approval. I would draw an analogy to Local Rule 7.1(A)(2), where the parties confer and attempt in good faith to narrow the issues.

I attempted to contact you via telephone on October 8, 2004 to discuss this, but I was advised by staff members at FMC Devens Camp that I could not initiate a telephone call to you. I was advised by the Unit Manager, Ms. Nancy Patterson, that she subsequently spoke with you on October 8 and that you were contacting BOP Legal staff at Devens to discuss a resolution to my case.

I have attached a Proposed Order for your review.

In a good faith attempt to find language acceptable to both parties I have reviewed Court Orders issued in other cases having the same underlying issues (Community Confinement Center placement due to the erroneous interpretation of December 2002), and in the spirit of cooperation I have modified the language included in my "Proposed Judgment and Order" filed with the Court on 9/14/04 as Attachment A, Docket # 10.

If you concur with my proposal please sign both copies of the attached "Jointly Proposed Order", retain one original, and return one original to me, within 7 calendar days (by October 20, 2004).

Upon receipt I will file the "Jointly Proposed Order" with the Court, and it would likely be prudent for you to do the same.

I thank-you in advance for your consideration.

Respectfully,

/M. William Potts/

M. William Potts, Pro Se
Reg.# 24866-038 Unit I
FMC Devens
PO Box 879
Ayer, MA 01432

```
M. William Potts              )
Petitioner                    )
   v                          )
David L. Winn, Warden         )      Civil Action No. 04-40068-GAO
Federal Medical Center, Devens)
Respondent                    )
                              )
                              )
```

## Jointly Proposed Order

ORDER:

    The Bureau of Prisons is hereby directed to promptly and in good faith review M. William Potts (Petitioner) for placement at a Community Confinement Center solely on the basis of the placement practices of FMC Devens Camp in effect prior to December 2002.

    The Bureau of Prisons shall implement, without delay and without manipulation it's Community Confinement Center placement decision to enable the Petitioner to receive the full benefit of this relief.

    The Court shall retain jurisdiction of this case at least until the Petitioner transfers to the Community Confinement Center.

Assented to: Petitioner

M. William Potts

*/s/ M. William Potts*

M. William Potts, Pro Se
Reg.# 24866-038   Unit I
FMC Devens Camp
PO Box 879
Ayer, MA 01432

DATE: 10/12/04

Assented to: Respondent
Through his Counsel
Michael J. Sullivan
United States Attorney

_____
Christopher R. Donato
Assistant U.S. Attorney
Office of the United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way
Suite 9200
Boston, MA 02210

DATE:_____

Attachment 3 - Pg. 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARAMJEET S. PAUL,<br><br>Petitioner,<br><br>v.<br><br>DAVID L. WINN, Warden, Federal Medical Center, Devens,<br><br>Respondent. | Civil Action No. 04-CV-40037-RCL |

**RESPONDENT'S NOTICE TO THE COURT
REGARDING THE COURT'S PROCEDURAL ORDER OF SEPTEMBER 15, 2004,
AND REPLY TO PETITIONER'S PARTIAL OBJECTION AND REQUEST
TO CORRECT THE MAGISTRATE'S REFERENCE TO THE RELIEF REQUESTED**

On September 27, 2004, undersigned counsel for the Respondent was notified that the Solicitor General of the United States will not seek Rehearing En Banc before the Court of Appeals for the First Circuit of that Court's holding in Goldings v. Winn, ___ F.3d ___, 2004 WL 2005625 (1st Cir. September 3, 2004), pursuant to Fed. R App. P. 40(a)(1) and 35(c). Therefore, Respondent has no grounds to object to this Court's view of what the Petitioner is entitled to under Goldings v. Winn, as explained in this Court's Procedural Order of September 15, 2004.

The Bureau of Prisons, through Respondent Warden Winn, is aware of Petitioner's status and will act promptly and in good faith to reconsider Petitioner for placement into a CCC, consistent with the BOP policy and practice of FMC Devens prior to the December 2002 policy change, which limited such placements to the last 10% of a sentence.

The Respondent concurs with this Court's reading of Goldings v. Winn as it apply's to

N:\AGiedt\a-doj-a-cases\paul\us-rply-gldngs-9-28-04-f.wpd

the Petitioner in this action, and does not believe that any correction to this Court's Procedural Order is required as requested by the Petitioner.

                    Respectfully submitted,

                    For the Respondent
                    DAVID L. WINN

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:    /s/ Anton P. Giedt
        Anton P. Giedt
        Assistant U.S. Attorney
        1 Courthouse Way
        Boston, MA 02210
        617-748-3309 (Voice)
        617-748-3971 (Fax)
        anton.giedt@usdoj.gov

DATED: September 28, 2004         BBO No.: 563928

---

**LOCAL RULE 7.1(A)(2) CERTIFICATE**

I, Anton P. Giedt, Assistant U.S. Attorney, respectfully request leave from compliance with Local Rule 7.1(A)(2) as Petitioner is incarcerated, acting *pro se*, and is not represented by counsel.

                    /s/ Anton P. Giedt
                    Anton P. Giedt
                    Assistant U.S. Attorney

---

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                                                  Boston, Massachusetts
                                                                               DATE: September 28, 2004

I, Anton P. Giedt, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing upon the Petitioner by First Class Mail.

                    /s/ Anton P. Giedt
                    Anton P. Giedt
                    Assistant U.S. Attorney

---

| PETITIONER: | AGENCY COUNSEL: |
|---|---|
| Karamjeet S. Paul | Patrick Ward |
| Prisoner Mail | Federal Medical Center Devens |
| 38516-060 Unit I | Box 880 |
| Federal Medical Center Devens | Ayer, MA 01432 |
| P.O. Box 879 | |
| Ayer, MA 01432 | |

Attachment C-Pg.1



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100
Secretary's Tel. No. (617) 748-3282
Fax No. (617) 748-3971

John Joseph Moakley United States Courthouse
1 Courthouse Way - Suite 9200
Boston, Massachusetts 02210

September 27, 2004

Richard Cushing Donovan, Clerk
United States Court of Appeals
For the First Circuit
U.S. Courthouse - Suite 2500
1 Courthouse Way
Boston, MA 02210

Re: Morris M. Goldings v. David L. Winn and John Ashcroft
Appeals Court No. 03-2633

Dear Mr. Donovan:

In the above-referenced case the appellant Morris Goldings moved for immediate issuance of mandate; the government opposed the motion; and the Court on September 23, 2004, stated that it would issue mandate on October 1, 2004, unless by then the government filed a petition for rehearing or rehearing en banc.

This will advise the Court that the Solicitor General has determined not to file a petition for rehearing or rehearing en banc. Therefore the defendants-appellees now have no objection to immediate issuance of mandate.

I am informed that Bureau of Prisons staff at Federal Medical Center, Devens, have been instructed promptly to commence re-evaluation of Mr. Goldings for placement

Attachment C - Pg. 2

Richard Cushing Donovan, Clerk
September 27, 2004
Page 2

in a community correction center under the relevant Bureau of Prisons policy as it existed before the December 2002 change of policy that prompted this law suit.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                                      George B. Henderson, II
                                      Assistant U.S. Attorney
                                      (617) 748-3282

cc:    Morris M. Goldings
       David L. Winn, Warden
       Patrick Ward, Esq.

**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

P.O. Box 880
Ayer, MA 01432


Attachment D

October 18, 2004

## MEMORANDUM FOR INMATE POPULATION

**FROM:**  David L. Winn, Warden

**SUBJECT:**  CCC Placement Reconsiderations

Based upon the recent <u>Goldings</u> decision from the First Circuit, FMC Devens Unit Team staff will now be reviewing and reconsidering CCC placement recommendations, without regard to the 10% limitation implemented on December 20, 2002. The Goldings case will be applied to inmates with sentences of less than 60 months (those over 60 months were not affected by the 10% limit):

-who have already received an approved CCC placement less than 180 days; or
-who are due to be considered for an initial CCC referral based upon proximity to projected release date consistent with policy.

These reconsiderations and initial reviews will be done consistent with the practice and policy in existence at FMC Devens prior to December 20, 2002. Bureau policy and practice in existence at FMC Devens prior to December 20, 2002 provided for a maximum possible CCC placement up to 180 days. There was no guarantee that 180 day CCC placement would be automatically granted.

Due to practical considerations, any CCC placement already approved for a date prior to October 25, 2004, will not be reconsidered.

This practice will begin immediately and will continue until additional guidance is received from the Bureau of Prisons Central Office. The Bureau has proposed a new regulation governing all CCC placements. If the new regulation becomes effective, this regulation could cause a change in CCC placements. In addition, other court decisions may be issued which could also have an impact on CCC practice.

ATTACHMENT E

Synopsis of Pertinent Opinions/Orders

"ORDER...2. That the Plaintiff's Motion for Preliminary Injunction is GRANTED. 3. That Stephen DeWalt, the Warden of FCI Cumberland, shall act promptly and in good faith to consider Frederick Zeigler for placement in a Community Corrections Center consistent with the BOP policy and practice prior to December 20, 2002..."
(Zeigler v Ashcroft, Civil No. WMN-04-719 (D.Md. 2004) Order)

"[The Court]...invokes its power under 28 USC §1651, the All Writs Act, to issue a writ in the nature of mandamus compelling Warden Menifee to act promptly and in good faith to reconsider petitioner for CCC placement consistent with the BOP policy in place prior to December 2002. The Court's authority to order respondent to correct its unlawful act without delay, and to reserve the right to grant a writ of habeas corpus if respondent fails to comply, is provided under Sections 2243 and 1361, and precedent for such an order is found in Billiteri, 541 F2d at 944 (2nd Cir. 1976). It is hereby ORDERED, therefore, that respondent reconsider petitioner for CCC placement, in good faith adherence to the policy and practice followed by the BOP prior to the December 2002 policy change, within 15 days of the issuance of this Order. SO ORDERED."
(Zucker v Menifee, 2004WL102779 (S.D.N.Y. Jan. 21, 2004) Slip opinion at 22)

"...it is ORDERED and DECREED that...Plaintiff's reconsidered designation shall be made without consideration of the invalid policy, and instead shall be based entirely on pre-December 2002 criteria...SO ORDERED..."
(Hurt v Federal Bureau of Prisons, 5:03-cv-265-4 (DF) (M.D. Ga Aug. 29, 2003)

"BOP shall consider whether to transfer petitioner to community confinement under the policy in effect prior to OLC's December 12, 2002 memorandum... SO ORDERED."
(Cato v Menifee, WL227 25524 (Chin J.) (S.D.N.Y. Nov. 20, 2003)